Case 1:21-cv-01689-DDD-JPM   Document 34   Filed 05/19/21   Page 1 of 5 PageID #: 214

United States District Court
Southern District of Texas
**ENTERED**
May 19, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | |
|---|---|
| LEONARDO GUTIERREZ, § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 1:20-cv-141 |
| § | |
| MERRICK B. GARLAND, ET AL., § | |
| Respondents. § | |
| § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of Leonardo Gutierrez's "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" (hereinafter, Gutierrez's "Petition" or "§ 2241 Petition"). Dkt. No. 1. The Court is also in receipt of Respondents' "Amended Motion to Dismiss or, in the Alternative, to Transfer Venue" (Respondents' "Amended Motion to Dismiss or Transfer"). Dkt. No. 29. For the reasons provided below, it is recommended that the Court: (1) **GRANT** Respondents' Amended Motion to Dismiss or Transfer and (2) **TRANSFER** Gutierrez's Petition to the United States District Court, Western District of Louisiana, Alexandria Division.

### I. Factual and Procedural Background

United States Border Patrol agents apprehended Gutierrez, a citizen of Venezuela, in Brownsville on January 8, 2020. Dkt. No. 1 at 5; Dkt. No. 14 at 3; Dkt. No. 14-1. Gutierrez previously lived in the United States but was removed to Venezuela in 2016. Dkt. No. 1 at 5; Dkt. No. 14 at 2-3. Gutierrez argues his detention violates the Supreme

Court's ruling in *Zadvydas* and his due-process rights. Dkt. No. 1 at 11-23. He further argues it violates the nation-wide injunction ordered in *Fraihat*. *Id*. at 15. At the time he filed his Petition, Gutierrez was detained at the Port Isabel Detention Center in Los Fresnos, Texas. *Id*. at 23.

On February 22, 2021, Gutierrez filed a Notice of Change of Address; the notice stated he is now detained at the Jackson Parish Correctional Center in Jonesboro, Louisiana. Dkt. No. 26. Respondents then filed their Amended Motion to Dismiss or Transfer on April 1, 2021. Dkt. No. 29. They argue for dismissal of the case for lack of subject-matter jurisdiction because Gutierrez has been transferred to a detention facility in Jonesboro, Louisiana. *Id*. at 2. In the alternative, they argue that venue is no longer proper in this District after the transfer, so the case should be transferred to the Western District of Louisiana. *Id*. at 2. Gutierrez responded and argues jurisdiction survives; he further argues the loss of jurisdiction with each transfer would have a dilatory effect on his access to justice. Dkt. No. 30. Respondents filed a Reply and reaffirm their arguments. Dkt. No. 31. Gutierrez has since been transferred to the Winn Correctional Center in Winnfield, Louisiana on May 13, 2021. Dkt. No. 33.

## II. Discussion

Subject-matter jurisdiction and venue do not present themselves in § 2241 habeas petitions as they do in a typical civil lawsuit. When addressing the "jurisdictional" issues in *Rumsfeld v. Padilla*, the Supreme Court noted that it used the term "jurisdiction" as "it is used in the habeas statute, 28 U.S.C. 2241(a), and not in the sense of subject-matter jurisdiction." *Rumsfeld v. Padilla*, 542 U.S. 426, 432 n.7 (2004). The concurrence in *Padilla* stated § 2241-jurisdiction rules are akin to "personal-jurisdiction or venue rules,"

and the dissent stated unequivocally the "question of the proper forum to determine the legality of [the petitioner's] incarceration is not one of federal subject-matter jurisdiction" but "one of venue." *Id.* at 452, 463 (Kennedy, J., concurring) (Stevens, J., dissenting). The Court here discusses § 2241 jurisdiction as it is applied in *Padilla* without characterizing § 2241 jurisdiction as a question of venue, subject-matter jurisdiction, or personal jurisdiction.

Respondents argue either jurisdiction or venue was lost when Petitioner was transferred because "the Western District of Louisiana is his actual place of confinement" and "the only proper Respondent in a habeas case is the person having physical custody of Petitioner"; jurisdiction and venue might not be entirely distinct issues in a § 2241 petition, but Respondents are otherwise correct. Dkt. No 29 at 4-5; Dkt. No. 31 at 2. The proper respondent in a § 2241 petition is by default the "immediate custodian," which is the "warden of the facility where the prisoner is being held." *Padilla*, 542 U.S. at 435. A district court only has jurisdiction over a § 2241 petition if it has jurisdiction over the immediate custodian. *Id.* at 442. Gutierrez is currently detained at the Winn Correctional Center, located in Winnfield, Louisiana. Dkt. No. 33. Winnfield is located in the Western District of Louisiana. 28 U.S.C. § 98(c) (Winnfield is in Winn Parish). Because Gutierrez has been transferred to the Western District of Louisiana, the Court lacks jurisdiction.

In *Ex parte Endo* and *Griffin v. Ebbert*, the immediate-custodian rule was relaxed. In *Ex parte Endo*, the Supreme Court found that jurisdiction persisted after a § 2241 petitioner was transferred outside of a district so long as an individual controlling the custody was within the district. *Ex parte Endo*, 323 U.S. 283, 304-07 (1944). In *Griffin v. Ebbert*, the petitioner had been transferred at least six times before the Fifth Circuit issued its decision. *Griffin v. Ebbert*, 751 F.3d 288, 289, 290 n.1 (5th Cir. 2014). The

Fifth Circuit found that the sequence of transfers between jurisdictions had the same effect as "play[ing] forum games" or intentionally "moving Griffin so that his filing could not catch up" and stated that the "claim should not be delayed any further." *Id*. at 290.

Neither *Ex parte Endo* nor *Griffin* is applicable here. Neither party has claimed there is a respondent within the Court's jurisdiction and with control over Gutierrez's custody; *Ex parte Endo*, then, does not provide jurisdiction here. The jurisdiction issues of *Griffin* are also not present here; Gutierrez has been transferred from the Southern District of Texas to the Western District of Louisiana, and the single transfer of his case will not cause a significant delay.

## IV. Recommendation

It is recommended that the Court: (1) **GRANT** Respondents' Amended Motion to Dismiss or Transfer and (2) **TRANSFER** Gutierrez's Petition to the United States District Court, Western District of Louisiana, Alexandria Division.

## V. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**SIGNED** on this **19th** day of May, 2021.

_____
Ignacio Torteya, III
United States Magistrate Judge